IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PATRICK, as father and next friend of SHANE PATRICK,

JOSE GARCIA ESPARAZA, as Administrator for the Estate of BRYAN A. GARCIA OLVERA and heir at law of BRYAN A. GARCIA OLVERA, deceased,

*Plaintiffs,*

vs.

Case No. 19-2539-EFM-GEB

FORD MOTOR COMPANY,

*Defendant.*

**MEMORANDUM AND ORDER**

This case arose from a rollover accident involving a Ford van. Shane Patrick ("Patrick"), the driver, was seriously injured, and Bryan A. Garcia Olvera ("Olvera"), the passenger, was killed while returning from a job in El Dorado, Kansas, in a van owned by their employer. This action was filed by Olvera's father, Jose Garcia Esparaza ("Garcia"), on behalf of Olvera's heirs, and Phillip Patrick, as father and next friend of Shane Patrick, asserting claims against Defendant Ford Motor Company ("Ford"). During litigation, the parties agreed to settle the claims.

Because Olvera was working in the scope of his employment at the time of his death, his employer's workers compensation insurer, Accident Fund Insurance Company of America ("Accident Fund"), paid some of Olvera's damages. Accident Fund paid a total of $59,929.38 to

Olvera's heirs and now asserts a lien of that amount on any settlement proceeds apportioned to them.

This matter comes before the Court on (1) Plaintiff Garcia's motion to determine the validity of Accident Fund's alleged lien (Doc. 40) and (2) Plaintiff Garcia's motion to determine comparative fault between Defendant Ford and the driver of the van, Shane Patrick, under K.S.A. § 44-504(d) (Doc. 47).[1] The Court held a hearing on Plaintiff's motions on February 17, 2021. Based on the evidence submitted at the hearing, the Court finds Shane Patrick to be thirty-three percent at fault, thereby reducing Accident Fund's lien to $0. Accordingly, the Court grants Plaintiff's Garcia's motion to determine comparative fault and denies his motion to determine the validity of Accident Fund's lien as moot.

## I.     Factual and Procedural Background[2]

Olvera and Patrick were employees of Loper C-1 Electric Company ("Loper"). While returning from a job in El Dorado, Kansas, they were involved in a rollover accident in Loper's Ford van. Patrick, the driver of the van, was seriously injured, and Olvera, the passenger, was killed due to multiple blunt force injuries. The interval between Olvera's injuries and death was determined to be "near immediate."

Olvera was not married at the time of his death and had no children. His only heirs are his father, Plaintiff Garcia, and his mother. Loper's workers compensation insurer, Accident Fund, paid Olvera's parents $50,000 to settle all claims and paid Cochran Funeral Home $9,880 for

---

[1] Plaintiff's motion to determine comparative fault also requested the Court hold a hearing on apportionment of recovery under K.S.A. § 60-1905. The Court will not address the apportionment of recovery in this Order but in a subsequent Order approving the settlement.

[2] The facts are taken from Plaintiff's Memorandum in Support of Motion to Determine Validity of Workers Compensation Lien (Doc. 41) and are undisputed.

Olvera's funeral expenses pursuant to the Kansas Workmens Compensation Act. The workers compensation claim benefits were approved by a Special Administrative Law Judge. During the settlement hearing, Loper, *i.e.,* Accident Fund reserved all lien rights.

This action was filed by Garcia, Olvera's father, on behalf of Olvera's heirs at law and as administrator of his estate[3] and by Phillip Patrick, as father and next friend of Shane Patrick. Plaintiffs assert claims of strict product liability and negligence against Defendant Ford. On behalf of Olvera's surviving heirs, Garcia asserts a wrongful death claim for damages that include mental anguish, suffering or bereavement, loss of filial care, and reasonable funeral expenses. As administrator of Olvera's estate, Garcia asserts claims for damages that Olvera suffered between the time of his injuries and his death, for which he would have maintained an action had he survived. Ford denies all allegations.

The parties mediated the case and reached an agreement to settle their claims. After the mediation, Accident Fund intervened in the lawsuit, asserting a lien in the amount of $59,929.38 against the settlement proceeds to be recovered by Olvera's heirs. Garcia moves the Court to declare this lien invalid. In addition, Garcia moves for the Court to apportion fault between Defendant Ford and Patrick under K.S.A. § 44-504(d).[4] The Court held a hearing on Garcia's motions on February 17, 2021.[5]

## II.    Analysis

---

[3] Garcia was erroneously named as administrator of the estate in the case caption. Olvera's mother, Ramona Garcia, is the administrator of his estate.

[4] Under K.S.A. § 44-504(d), an employer's subrogation interest in a third-party claim may be reduced for the comparative fault of the employer or "those for whom the employer is responsible."

[5] The hearing also addressed Plaintiffs' Motion for Approval of Settlement (Doc. 54).

**A.      Jurisdiction**

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.  There is complete diversity between the parties because Plaintiffs are residents of Kansas and Defendant is a resident of Delaware.  In addition, the amount in controversy exceeds $75,000.

The Court may exercise supplemental jurisdiction over Accident Fund's lien claim under 28 U.S.C. § 1367.  That statute provides:  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  Accident Fund asserts a lien on the settlement proceeds of the claims in this case.  Therefore, Accident Fund's claim is so related to claims in this action that it forms part of the same case or controversy.

**B.      Allocation of Fault and Validity of Lien**

Accident Fund asserts a lien of $59,929.38 against the settlement proceeds Olvera's parents will receive pursuant to K.S.A. § 44-504(b).  That statute permits an employer that pays workers compensation benefits a right to subrogation and a lien against any recovery "the injured worker or the dependents or personal representatives of a deceased worker" receive from a third-party tortfeasor up to the amount of benefits paid by the employer.  In other words, K.S.A. § 44-504(b) allows an employer to recoup the workers compensation benefits it previously paid an injured employee from the employee's recovery from the third-party tortfeasor who caused the injury.

An employer's lien interest is reduced, however, if the employer contributed to the injured worker's injury.[6]  K.S.A. § 44-504(d) requires the employer's lien interest to be "diminished by

---

[6] K.S.A. § 44-504(d).

the percentage of recovery attributed to the negligence of the employer or those for whom the employer is responsible." The Tenth Circuit has held that when the employer is at fault, the proper formula for determining the diminished lien is as follows:

Diminished Lien= Lien-[Recovery X  Percentage of Employer's Fault].[7]

Garcia contends that Accident Fund's lien is invalid because Olvera's heirs are not the injured worker, the dependents of the injured worker, or Olvera's personal representatives under K.S.A. § 44-504(b).  In the alternative, Garcia argues that Accident Fund's lien is reduced to $0 under K.S.A. § 44-504(d) because Loper's employee, Patrick, contributed to Olvera's injuries. Garcia and Accident Fund agree that based on the diminished lien formula set by the Tenth Circuit, if the Court finds Patrick to be at least fifteen percent at fault, then Accident Fund's lien is reduced to $0.

The settlement agreement is silent regarding the allocation of fault between Patrick and Ford.  Garcia contends that Patrick's fault is somewhere between fifteen and forty percent based on the Kanas Motor Vehicle Crash Report completed by the Kansas Highway Patrol.  That report states that the Ford van was traveling around 75 miles per hour, veered off the roadway to the left, and then back to the right shoulder causing it to roll over multiple times.  In response, Accident Fund argues that the Court should attribute 100 percent of fault to Ford based on the substantial amount Ford is paying to settle the case and evidence from other cases showing an alleged design defect in the van.[8]

---

[7] *Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1254 (10th Cir. 2000); *see also Hawkins v. S.W. Kan. Co-op Serv.*, 58 Kan. App. 2d 38, 49, 464 P.3d 14, 23 (2020) (approving the formula set forth in *Enfield* for reducing the employer's subrogation lien when the employer is at fault).

[8] During the hearing, Accident Fund also argued that the Court should deny Plaintiff's request to apportion fault because such apportionment would take place after the settlement occurred.  Accident Fund argues that Plaintiffs' counsel would never have raised comparative fault before settlement because counsel represented both Plaintiffs and

Having reviewed the evidence admitted at the hearing, the Court finds that Patrick is thirty-three percent at fault for Olvera's injuries. Patrick negligently veered off the roadway and over-steered as he tried to correct his mistake. Therefore, under the formula set by the Tenth Circuit for diminishing an employer's subrogation lien, Accident Fund's lien in this case is reduced to $0. Having concluded as such, the Court need not reach the issue of whether the lien is valid under K.S.A. § 44-504(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Hearing on Apportionment of Recovery Pursuant to K.S.A. § 60-1905 and to Determine Comparative Fault Pursuant to K.S.A. § 44-504(d) (Doc. 47) is **GRANTED**. The Court assesses the fault of Shane Patrick to be thirty-three percent. Accident Fund's lien is accordingly reduced to $0.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine Validity of an Alleged Lien (Doc. 40) is **DENIED as MOOT**.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

there would have been an inherent conflict of interest if counsel asked the trier of fact to compare the fault of the parties. The Court rejected Accident Fund's argument finding no colorable allegation of fault against Olvera and that Plaintiffs effectively consented to representation by the same counsel.